**Curtis ALLEN, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 284,2004.

Supreme Court of Delaware.

Submitted: Feb. 2, 2005.

Decided: Feb. 25, 2005.

Modified: Aug. 7, 2008.*

James D. Nutter, Esquire, Office of the Public Defender, Georgetown, Delaware; for Appellant.

Timothy J. Donovan, Jr., Esquire, Department of Justice, Wilmington, Delaware; for Appellee.

Before HOLLAND, BERGER and JACOBS, Justices.

JACOBS, Justice.

The defendant-below appellant, Curtis Allen, appeals from a sentencing order of the Superior Court. Allen was charged with raping three women. Although the rapes occurred at separate times, all three charges were joined for a single trial. Allen argues that the court erred in refusing to instruct the jury not to "accumulate" the evidence presented to support one

* This Opinion has been modified in order to redact the names of the victims.

charge of rape, when deciding whether or not Allen was guilty of the other rape charges. Because the jury instruction given by the Superior Court correctly stated the law, we affirm.

### Facts

Allen was indicted in July 2003 in connection with the rape of four individuals. Allen filed a motion to sever the charges, so that he would be tried separately for the rape of each victim. The Superior Court severed the charges with respect to Victim D, but ordered a joint trial for the charges with respect to the three female victims. The case involving the three female victims was tried first. Allen was charged with eight counts: one count of first degree rape and one count of robbery with respect to Victim A; three counts of first degree rape, one count of attempted rape, and one count of robbery with respect to Victim B; and one count of second degree rape with respect to Victim C.

Allen requested the judge to instruct the jury as follows:

> You are instructed that you may not accumulate the evidence in this case. You must consider each count separately. However, if you are convinced that the evidence of each incident tends to prove a common scheme or plan, which you believe is relevant to the other charges ... then you may consider such evidence and give it the weight you believe it deserves.[1]

Although the trial judge accepted the majority of Allen's proposed instruction, he refused to include in that instruction the phrase "you are instructed that you may not accumulate the evidence in this case,"

because that phrase, the judge concluded, was confusing.

After those instructions were given, the jury requested clarification of how it could consider "each count separately," but also consider a possible *modus operandi* or common scheme. The judge further instructed the jury that:

> The instruction to consider each count separately simply means that you have to take a look at each individual count in reaching a verdict, and you may not conclude, because you found the defendant guilty or not guilty on one count, that necessarily you're going to find him guilty or not guilty on some other count. You have to look at each one, one at a time.

> When you look at each individual count, you're entitled to consider all of the evidence introduced during the trial. The evidence that was introduced pertaining to one crime can be used in reaching a verdict concerning one of the other crimes, which means you look at each separately, but you're entitled to look at all the evidence in reaching your conclusions.

After deliberating for two and a half days, the jury found Allen guilty of first degree rape and robbery with respect to Victim A, and of second degree rape with respect to Victim B.[2] The jury found Allen not guilty on all the other charges, including the charge of second degree rape with respect to Victim C. The judge sentenced Allen to three consecutive life terms. Allen appeals from that sentence, claiming that the jury instruction was legally insufficient because the judge refused to cau-

---

1. The State requested a common plan or scheme instruction because the State's evidence demonstrated significant similarities between the three assaults. Allen does not challenge that portion of the instruction.

2. Second degree rape was a lesser included offense of the first degree rape charges.

tion the jury not to "accumulate the evidence."

### Analysis

 This Court reviews a challenged jury instruction to determine whether the instruction "correctly stated the law, and enabled the jury to perform its duty." [3] Trial courts have wide latitude in framing jury instructions, and their choice of wording will not be disturbed as long as the instruction correctly states the law and is not so confusing or inaccurate as to undermine the jury's ability to reach a verdict. [4]

 In rejecting Allen's motion to sever the charges, the Superior Court concluded that any prejudice resulting from a joint trial could be cured by a jury instruction. Allen urges that when the Superior Court relies upon a jury instruction to dispel the prejudice resulting from the joinder of offenses, it must instruct the jury that it cannot "accumulate the evidence" presented on one charge to reach a guilty verdict on another charge; and that by refusing to instruct the jury not to "accumulate the evidence," the Superior Court did not sufficiently instruct the jury on the law.

Allen relies upon this Court's decisions in *Skinner v. State*[5] and *Steckel v. State.*[6] *Skinner* involved a joint trial of three defendants on charges of attempted robbery and murder. This Court upheld the Superior Court's refusal to sever the charges, and further concluded that any prejudice resulting from the joinder was cured by the trial judge's instruction to the jury that evidence of each offense was to be considered separately.[7] Similarly, in *Steckel*, this Court found that any preju-

dice that the defendant suffered from the joinder of his offenses was diminished by the judge's instruction that the jury "must separately consider each of the nine charged offenses and must reach a separate verdict as to each, uninfluenced by [the] verdict in the other." [8]

Allen's argument—that when separate charges are joined in a single trial the Superior Court is required to instruct the jury not to accumulate the evidence—is not supported by any authority. The phrase "accumulate the evidence" is not used in either *Skinner* or *Steckel*. Allen is not entitled to an instruction that is worded in a particular manner, especially where the trial judge concludes (as he did here) that the wording requested was confusing or misleading. The Superior Court's instruction was substantially similar to the instructions we endorsed in *Skinner* and *Steckel*. The jury instruction, which was given in response to the jury's request for clarification, was a correct and sufficient statement of the law, and it was not misleading.

### Conclusion

The judgment of the Superior Court is affirmed.

---

3. *Corbitt v. Tatagari,* 804 A.2d 1057, 1062 (Del.2002).

4. *Cabrera v. State,* 747 A.2d 543, 545 (Del. 2000).

5. 575 A.2d 1108 (Del.1990).

6. 711 A.2d 5 (Del.1998).

7. *Skinner,* 575 A.2d at 1118, 1120.

8. *Steckel,* 711 A.2d at 9.